# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:06cv97

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| Vs. | ) | ORDER |
| JERRY ADAMS, III, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Modify Permanent Injunction by Consent (#40). For cause, defendant states that he has been incarcerated since February 22, 2007, the date the Permanent Injunction was entered and this case closed. He seeks an extension of time within which to comply with paragraph 4 of this court's Order, which required defendant to mail a copy of the Permanent Injunction to all persons or other entities for whom he provided tax services since January 1, 2000, and to certify compliance with such provision within 15 days of entry of the February 22, 2007, Permanent Injunction.

Defendant now contends that he will be unable to comply with such provision of the injunction because he has been incarcerated since February 22, 2007, his files were seized by state authorities on March 21, 2007, and his computer with the names and addresses of his clients was seized by state authorities on April 20, 2007. Defendant also states that he cannot comply because he did not receive the Permanent Injunction until May 2, 2007.

Review of the court's file indicates that defendant did not receive the Permanent Injunction until May 2, 2007, not because of any fault of the court or the plaintiff, but because he failed to notify this court of his change of address until April 30, 2007. Thus, defendant's failure to receive the Permanent Injunction is solely attributable to his own actions. Under the terms of the Permanent Injunction, defendant's compliance with paragraph 4 was due to be complete by March 9, 2007, well before his records or computer were seized.

At this point, the court has only a motion seeking to alter a term of a Permanent Injunction which is no longer executory. Further, close review of defendant's motion reveals that it has not been served on plaintiff. Plaintiff has not yet moved to enforce such provision of the Permanent Injunction through contempt. The court believes that *ex parte* modification would be inappropriate and that defendant should first discuss the matter with counsel for plaintiff in an attempt to work out a method of compliance. Perhaps, the parties could considered compliance with paragraph 4 of the Permanent Injunction through placing a copy of the Permanent Injunction in the newspaper of each town in which defendant conducted his tax preparation business. If defendant lacks funds to pay for such publication, perhaps the government could pay for the publication, with the costs taxed to defendant through a consent Order.

Assuming defendant has no access to his records in this proceeding, defendant is advised that this is the information he will need to contact and serve opposing counsel:

**Lawrence Paul Blaskopf**
U.S. Dept. of Justice
P.O. Box 227 Ben Franklin Station
Washington, DC 20044
(202) 514-9642

# ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Modify Permanent Injunction by Consent (#40) is **DENIED** without prejudice.

Signed: May 10, 2007

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge